EXHIBIT C

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)


At I.A.S. Part ____ of the Supreme Court of the State of New York, held in and for the County of New York, at the Courthouse thereof, located at 60 Centre Street, New York, New York, on the __ day of __________, 2026

PRESENT:
Honorable _________. __________, JSC
Justice Presiding

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,

Petitioner,

-against-

QCX LLC (d/b/a Polymarket US),

Respondent.
-----------------------------------------------------------------X

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER**

Index No.

Upon reading the Verified Petition, dated September 24, 2026; the Affirmation of Geoffrey Riordan Andreu, Assistant Attorney General, affirmed on September 24, 2026, and exhibits thereto; the Affirmation of Brian Metz, Senior Detective, affirmed on September 22, 2026, and exhibits thereto; the Affirmation of Shamiso Maswoswe, Chief of Investor Protection Bureau, affirmed on September 24, 2026; Petitioner's Memorandum of Law in Support of the Verified Petition; and the Order to Show Cause seeking a temporary restraining order, preliminary injunction, and a permanent injunction; and upon the motion of Letitia James, Attorney General of the State of New York, attorney for Petitioner, it is:



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)


**ORDERED** that Respondent QCX LLC (d/b/a Polymarket US) show cause at a hearing before this Court at I.A.S. Part ___, Room ____ of this Court to be held at the New York County Courthouse, located at 60 Centre Street, New York, NY 10007, on the ___ day of September, 2026, at ______ o'clock in the forenoon/afternoon of that day, or as soon thereafter as counsel may be heard, why an order and judgment should not be issued pursuant to Executive Law § 63(12); New York State Constitution Article I, Section 9; New York Penal Law §§ 225.05, 225.10, and 225.20; New York Racing, Pari-Mutuel Wagering and Breeding Law §§ 1367(a)(16), 1367-a(2)(a), and 1367-a(4)(b); the Wire Act, U.S.C. § 1084; and CPLR Articles 4 and 63, providing the following relief:

1. preliminarily and permanently enjoining Respondent and its principals, agents, and employees from:
    a. operating an unlawful gambling business, or otherwise advancing gambling activity or profiting from gambling activity, within or from New York or to persons in New York, without being licensed by the New York State Gaming Commission, including but not limited to, by:
        i. operating a business that offers contracts relating to sports, culture, elections, and other events, without obtaining all the required licenses from the New York State Gaming Commission;
        ii. permitting wagering by persons under the age of 21 in connection with any contract on those events; and
        iii. advertising, promoting, marketing, or soliciting participation, including promoting or advertising in college or university-owned



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)


news assets (e.g., school newspapers, radio, telecasts) or on college or university campuses, in connection with any contract on those events; and

b. violating the New York State Constitution Article 1, Section 9; Penal Law §§ 225.05, 225.10, and 225.20; Pari-Mutuel Wagering and Breeding Law §§ 1367(a)(16), 1367-a(2)(a), and 1367-a(4)(b); the Wire Act, U.S.C. § 1084; and Executive Law § 63(12); and

2. directing Respondent to produce an accounting identifying each of its customers, itemizing bets placed by customers, monies lost by customers, and gains received by Respondent in connection with or as a result of the violations of law alleged herein;
3. directing Respondent to make full restitution to customers who have engaged in betting on Respondent's platform;
4. directing Respondent to pay damages caused, directly or indirectly, by the repeated and persistent illegality complained of herein;
5. directing Respondent to disgorge all amounts obtained in connection with or as a result of the violations of law alleged herein;
6. directing Respondent to pay a penalty of three times the amount of its gain from the violations of law alleged herein, pursuant to Penal Law § 80.10;
7. directing Respondent to pay a penalty of one hundred thousand dollars ($100,000) for each offering or attempt to offer sports wagering or mobile sports wagering within or from New York without authorization, pursuant to Racing Law § 1367(16)(a);
8. directing Respondent to pay prejudgment interest;



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)


9. awarding costs to Petitioner of two thousand dollars ($2,000) against Respondent pursuant to CPLR § 8303(a)(6);
10. authorizing Petitioner to docket as a money judgment any order issued by the Court on this motion fixing the amount of money owed by Respondent, including restitution, disgorgement, damages, penalties and costs, pursuant to CPLR § 2222; and
11. granting such other and further relief as may be just and proper.

**IT APPEARING** that sufficient cause for temporary injunctive relief exists under Executive Law § 63(12), New York State Constitution Article I, Section 9; New York Penal Law §§ 225.05, 225.10, and 225.20; New York Racing, Pari-Mutuel Wagering and Breeding Law Sections 1367(a)(16), 1367-a(2)(a), and 1367-a(4)(b); the Wire Act, U.S.C. § 1084; and CPLR §§ 6301 and 6313, and that Respondent has engaged in repeated and persistent illegal acts and practices, which actions have caused and will continue to cause immediate and irreparable injury to members of the public unless Respondent is restrained before a hearing can be held, it is hereby;

**ORDERED** that pending further order of this Court, Respondent, its agents, employees, successors, assigns, and any other person acting under Respondent's direction or control, whether acting individually or alone, or through any corporation, company, entity or device, are hereby temporarily restrained pursuant to Executive Law § 63(12); New York State Constitution Article I, Section 9; New York Penal Law §§ 225.05, 225.10, and 225.20; New York Racing, Pari-Mutuel Wagering and Breeding Law Sections 1367(a)(16), 1367-a(2)(a), and 1367-a(4)(b); the Wire Act, U.S.C. § 1084; and CPLR §§ 6301 and 6313 from:



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)


a. operating an unlawful gambling business, or otherwise advancing gambling activity or profiting from gambling activity, within or from New York or to persons in New York without being licensed by the New York State Gaming Commission, including but not limited to, by:

   i. operating a business that offers contracts relating to sports, culture, elections, and other events without obtaining all the required licenses from the New York State Gaming Commission;

   ii. permitting wagering by persons under the age of 21 in connection with any contract on those events; and

   iii. advertising, promoting, marketing, or soliciting participation, including promoting or advertising in college or university-owned news assets (e.g., school newspapers, radio, telecasts) or on college or university campuses, in connection with any contract on those events; and

b. violating the New York State Constitution Article 1, Section 9; Penal Law §§ 225.05, 225.10, and 225.20; Pari-Mutuel Wagering and Breeding Law §§ 1367(a)(16), 1367-a(2)(a), and 1367-a(4)(b); the Wire Act, U.S.C. § 1084; and Executive Law § 63(12).

**ORDERED** that Petitioner shall not be required to post an undertaking pursuant to CPLR § 6313 (c); and it is further

**ORDERED** that based on the nature of this special proceeding and the number of exhibits attached and described in connection herewith, Petitioner may exceed the word limit



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)


specified in N.Y.C.R.R. § 202.8-b and § 202.70 Rule 17.

**SUFFICIENT CAUSE** to me appearing therefore,

**LET** service of a copy of this Order and supporting papers on Respondent's attorney via email and electronic transmission via a cloud link on or before the ___ day of ______, 2026, be deemed due and sufficient service hereof.

Responding papers, if any, must be filed on or before the ___ day of ______, 2026.

Reply papers, if any, must be filed on or before the ___ day of ______, 2026.

Oral Argument on this application will take place on the ____day of _____, 2026 at _____a.m./p.m. before __________________ at ________________________

ENTER:

HON. ______________________________________



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.